**NOT FOR PUBLICATION**

**FILED**

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN PETKOV PETKOV, | No.   14-72198 |
| Petitioner, | Agency No. A089-232-984 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2018**
San Francisco, California

Before:  WALLACE and CALLAHAN, Circuit Judges, and SELNA,*** District Judge.

Martin Petkov, a native and citizen of Bulgaria, seeks asylum, withholding

of removal, and relief under the Convention Against Torture (CAT).  Petkov

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

argues he is eligible for asylum and withholding of removal under the Immigration and Nationality Act because he is a member of a "particular social group" and has a well-founded fear of persecution on account of his membership in that group. *See* 8 U.S.C. §§ 101(1)(42)(A) (asylum), 1231(b)(3) (withholding of removal).

We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a). This court applies the sufficient evidence standard of review. *See Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir. 2004). There is substantial evidence that supports the BIA's findings in Petkov's case. Furthermore, for the court to reverse and the BIA's findings, the applicant must show that the evidence compels a contrary finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). Petkov has failed to show sufficient credible evidence that would compel the court to reverse any of the BIA's findings. We therefore deny the petition.[1]

Petkov asserts that he was subject to two attempts of extortion from organized crime figures including at least one government official while in Bulgaria. Petkov further claims these crime figures physically harmed him and threatened his life and the lives of his family. He also claims these same crime figures precipitated is father's death. Petkov asserts that the BIA erred in affirming the IJ's finding of adverse credibility. We disagree.

---

[1]     The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

The adverse credibility determination is supported by omissions in Petkov's presentation, inconsistencies between Petkov's oral and written testimony, and the implausibility of his explanations. For example, Petkov did not mention his alleged membership in the Bulgarian Union of Private Entrepreneurs (Union) during his credible fear interview, but, membership was the central basis for his purported persecution. Petkov claimed that the Union did not issue membership cards, but offered no credible evidence of his membership. Petkov also changed his explanation of how he arranged to enter the United States. These examples of material omission, deficiency in evidence, and the inherent implausibility of Petkov's testimony substantially support the BIA's determination of adverse credibility. *See Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016).

Moreover, Petkov was the sole witness before the IJ and he offered no other witnesses or evidence to supports his claim for asylum. Petkov has failed to show that the BIA's determination is not supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Even if Petkov's assertions were believed, he has not shown a "clear probability of torture" by, or with the acquiescence of, the Bulgarian government should he return to Bulgaria. 8 C.F.R. § 1208.16(c)(2) and § 1208.18(a)(1).

The BIA reasonably denied Petkov's immigration relief. There is substantial evidence to support the adverse credibility finding and substantial evidence

3

supports the denial of Petkov's petition for asylum, withholding, and relief under CAT.

**PETITION DENIED**.